**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1692

KEIRY SANTOS-SOTO,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-236-027)

Submitted: January 24, 2007      Decided: February 12, 2007

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Paul S. Haar, Pauline M. Schwartz, LAW OFFICES OF PAUL S. HAAR, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Janice K. Redfern, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keiry Santos-Soto, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of her requests for asylum and withholding of removal. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the ruling that Santos-Soto failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Santos-Soto cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara, 378 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

- 2 -

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED